### STATE v. TOM SIMS.

(Filed 26 February, 1958.)

**Property § 3—**

A warrant charging defendant with destruction of personal property charges no offense, since the destruction of personal property is not a crime unless it is done wantonly and wilfully. G.S. 14-160.

APPEAL by defendant from *Campbell, J.,* November, 1957 Term, RUTHERFORD Superior Court.

This criminal prosecution originated in the Recorder's Court of Rutherford County upon a warrant containing two counts: (1) The defendant did unlawfully, wilfully and feloniously assault affiant (Harris) with a deadly weapon, to-wit: a knife, with intent to kill, etc. (2) "Did destroy personal property valued at approximately $300.00 contrary to the form of the statute," etc.

At the hearing the recorder found (1) probable cause and bound the defendant to the Superior Court on the first count, and (2) a verdict of guilty and imposed a prison sentence on the second count, from which the defendant appealed to the Superior Court.

In the Superior Court the grand jury returned a bill of indictment on the charge of felonious assault. Upon pleas of not guilty, the charge in the indictment and in the second count in the warrant were tried together. The jury returned the following verdict: "Guilty of simple assault and destruction of personal property." On the assault charge the defendant was given a jail sentence of 30 days. On the charge of destroying personal property, the defendant made a motion in arrest of judgment on the ground that the warrant failed to charge and the jury failed to find that the destruction was wanton and wilful. The court overruled the motion, imposed a prison sentence, to which the defendant excepted and from which he appealed.

*George B. Patton, Attorney General and Claude L. Love, Assistant Attorney General for the State*

*Hamrick & Hamrick, By: J. Nat Hamrick for defendant appellant.*

PER CURIAM: Destruction of personal property is not a crime. It becomes so only when the injury is wanton and wilful. G.S. 14-160. The Attorney General concedes error. Judgment on the second count in the warrant is arrested and the defendant is discharged on that count. The record fails to disclose any reason why the judgment on the assault charge should be disturbed.

Judgment on the second count in the warrant is Arrested.

In the judgment on the assault charge there is No error.